IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV115-01-MU

CARLOS RASHANE WRIGHT,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　**O R D E R**
SERGEANT HAMES, et al.,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)
_____)

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, filed December 12, 2008.

For the reasons provided herein, Defendants' Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed.

## **FACTS**

Both parties agree that an incident occurred on December 19, 2007. Both parties agree that on that date, a search was conducted of Plaintiff's cell which resulted in the discovery of numerous letters. The parties further agree that as a result of this discovery Plaintiff was brought to the Sergeant's Office where Plaintiff refused a direct order to kneel down to be handcuffed. Both parties also agree that Defendant Cook then sprayed Plaintiff with pepper spray. It is at this point that the parties cease to agree.

Defendants contend that after being sprayed Plaintiff still refused to go to his knees at which point Defendant Hames placed his foot in the bend of Plaintiff's knee, placed his hands on Plaintiff's shoulders, pushed Plaintiff down to a kneeling position and applied handcuffs to Plaintiff's right

hand. Before Defendant Hames could apply a cuff to Plaintiff's left hand, however, Plaintiff elbowed Defendant Hames in the ribs, at which point Plaintiff was sprayed again and Defendants together with a fifth officer who had arrived at the scene, immobilized Plaintiff on the floor and applied a second cuff. Defendant Hudgins then led Plaintiff away to a decontamination shower. Defendants deny kicking, punching, beating, spraying Plaintiff in the mouth, or using racial slurs.

According to Plaintiff, he voluntarily went to his knees after being sprayed with pepper spray but Defendants nonetheless repeatedly kicked him in the groin, poked him in his "behind," beat his back with a baton, sprayed pepper spray directly into his mouth until his mouth filled up , dislocated his arms, and directed racial slurs at him. Plaintiff seeks two million dollars in damages.

## **ANALYSIS**

Summary judgment is proper when he pleadings and other submissions show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. V. Catrett, 477 U.S. 317 (1986). Mere allegations will not survive a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In order to state an excessive force claim under the Eighth Amendment,[1] a plaintiff must establish that he received more than a *de minimus* injury. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc). The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and

---

[1] Given the fact that the Plaintiff was a convicted felon at the time of the alleged incident, his excessive force claim is governed by the Eighth Amendment.

unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

Even taking Plaintiff's version of the events as true, he simply cannot establish that he suffered anything more than a de minimus injury. In making this determination the Court relies on medical affidavits and prison medical. See Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998)(relying on plaintiff's medical records for analysis of type and extent of plaintiff's injuries); see also Norman v. Taylor, 25 F.3d at 1263-64 (relying on plaintiff's medical records and affidavit of prison official to refute plaintiff's claims of injury and their severity); cf. Banueulos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995)("[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Plaintiff's contemporaneous medical records simply do not support his version of the events. The initial nurse who examined him immediately after the incident, albeit not at close proximity because he was in the shower, noted no signs of acute injury. (Norman Aff. ¶ 2.) When she went to his cell later that same day he was resting quietly with no sign of distress.[2] (Norman Aff. ¶ 2.)

In addition, the correctional sergeant who witnessed Plaintiff being brought to the decontamination shower stated that he did not observe any signs of physical injury other than the

---

[2] The Court notes that Plaintiff's allegation that during the incident in question he dislocated both his arms is not supported by the medical records or Plaintiff's own account. That is, if in fact his arms were dislocated and he had no medical assistance it is highly doubtful that Plaintiff would be resting quietly or comfortably soon thereafter.

pepper spray. (Hamilton Aff. ¶3.)

On December 23, 2007, Plaintiff declared a medical emergency complaining of a swollen abdomen and testicles as a result of being hit by Defendants. On this occasion, a different nurse examined him and noted no swelling of his abdomen or testicles. (Allen Aff. ¶ 2.) Nurse Allen further indicated in Plaintiff's medical records that his bowel sounds and vital signs were normal. (Allen Aff. ¶ 2.) At that time Nurse Allen also arranged for a urine sample which revealed no blood or other abnormalities. (Allen Aff. ¶ 2.) Again, the medical records do not in any way comport with Plaintiff's version of the events.[3]

In addition, the Court notes that the contemporaneous medical records support Defendants' version of the events which is that Plaintiff elbowed Defendant Hames hard in the ribs when Defendant Hames was trying to handcuff him. Medical records indicate that Defendant Hames was examined by Nurse Jarvis on the day of the incident in question and that she observed a four inches by five inches bruised area around his lower right rib cage. (Jarvis Aff. ¶ 2.) Significantly, Plaintiff's account has no mention of his striking Defendant Hames.[4]

Given the lack of evidence to support a finding that Plaintiff's injuries were anything more than de minimus, Plaintiff's claim fails as a matter of law. See Riley, 115 F.3d at 167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt

---

[3] Plaintiff's medical records indicate that he was treated for his back "popping" on February 12, 2008. Medical records further indicate that Plaintiff informed the nurse that he had a history of back problems. Given the lapse of time and the Plaintiff's admitted history of back trouble this episode does not appear to be attributable to the incident in question.

[4] Prison records indicate that Plaintiff has a lengthy history of infractions including threatening staff, fighting, assault with a weapon, and numerous instances of disobeying orders and using profane language.

from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury); Norman v. Taylor, 25 F.3d 1259, 1264-65 (4th Cir. 1994)(en banc)(plaintiff's claim failed as a matter of law where medical records did not support plaintiff's claim of injury or psychological harm), cert. denied, 513 U.S. 1114 (1995); Gray v. Jones, 129 F.3d 116 (4th Cir. 1997)(same); Williams v. Dehay, 81 F.3d 153 (4th Cir. 1996)(same).

**THEREFORE, IT IS HEREBY ORDERED that**:

1. Defendants' Motion for Summary Judgment is **GRANTED;** and

2. Plaintiff's Complaint is **DISMISSED**.

Signed: May 20, 2009

Graham C. Mullen
United States District Judge